# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

| | |
|---|---|
| VICKIE FLYNN, Individually and for Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>COLONIAL MANAGEMENT GROUP, L.P. d/b/a NEW SEASON,<br><br>        Defendant. | Case No. _____<br><br>Jury Trial Demanded<br><br>FLSA Collective Action<br>Pursuant to 29 U.S.C. § 216(b)<br><br>Class Action Pursuant to Fed. R. Civ. P. 23 |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff Vickie Flynn ("Flynn") brings this lawsuit to recover unpaid overtime wages and other damages from Defendant Colonial Management Group, L.P. d/b/a New Season ("New Season") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New Mexico Minimum Wage Act ("NMMWA"), NMSA § 50-4-20, *et seq.*

2. Throughout the relevant period, New Season subjected Flynn and the Putative Class Members (as defined below) to a common policy and practice of automatically deducting time from these employees' recorded hours worked and wages for meal periods.

3. But New Season fails to provide these employees with *bona fide* meal periods.

4. Instead, New Season requires Flynn and the Putative Class Members to remain on-duty throughout their shifts, continuously subjecting them to interruptions, even during their unpaid meal periods.

5. Thus, under New Season's common policies and practices, Flynn and the Putative Class Members are not completely relieved of all duties during meal periods and are denied pay for those on-duty meal periods in violation of the FLSA and NMMWA.

6. Flynn brings this class and collective action to recover unpaid overtime and other damages caused by New Season's unlawful conduct.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over this action pursuant 28 U.S.C. § 1331 because this case involved a federal question under the FLSA, 29 U.S.C. § 216(b).

8. The Court also has supplemental jurisdiction over the NMMWA claims pursuant to 28 U.S.C. § 1367 because these claims arise from a common nucleus of operative facts.

9. This Court has personal jurisdiction over New Season because New Season conducts substantial business in this District, employing numerous workers, including Flynn, in this District.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this action occurred in this District.

11. Specifically, Flynn worked for New Season in and around Albuquerque, New Mexico, which is in this District.

## THE PARTIES

12. Flynn has worked for New Season as a Licensed Practical Nurse (LPN) in and around Albuquerque, New Mexico since approximately September 2021.

13. Throughout her employment with New Season, New Season classified Flynn as non-exempt from overtime and has paid her on an hourly basis plus overtime.

14. Throughout her employment, New Season subjected Flynn to its common practice of automatically deducting 30 minutes from her recorded hours worked and wages each shift for meal breaks.

15. Flynn's written consent is attached as **Exhibit 1**.

16. Flynn bring this action on behalf of herself and all other similarly situated hourly, non-exempt New Season employees who were subject to New Season's automatic meal period deduction policy.

17. New Season requires all these employees to remain on-duty during their unpaid meal periods in violation of the FLSA and NMMWA.

18. The FLSA collective of similarly situated employees sought to be certified is defined as:

> **All current and former hourly, non-exempt New Season employees who received an automatic meal period deduction at any time during the past three (3) years through the present ("FLSA Collective Members" or "FLSA Collective").**

19. Flynn also seeks certification of such a class under Fed. R. Civ. P. 23 and the NMMWA. The class of similarly situated New Season employees is defined as:

> **All current and former hourly, non-exempt New Season employees who worked in New Mexico and received an automatic meal period deduction at any time during the past three (3) years through the present ("New Mexico Class Members" or "New Mexico Class").**

20. The FLSA Collective Members and New Mexico Class Members are referred to collective as the "Putative Class Members."

21. The identities of the Putative Class Members can readily be ascertained from New Season's business and personnel records.

22. Defendant Colonial Management Group, L.P. d/b/a New Season is a Delaware limited partnership that maintains a principal office in Orlando Florida.

23. New Season may be served with process by serving its registered agent: **Registered Agent Solutions, Inc., 155 Office Plaza Drive, Suite A, Tallahassee, Florida 32301.**

### COVERAGE UNDER THE FLSA

24. At all relevant times, New Season was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25. At all relevant times, New Season was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

26. At all relevant times, New Season was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because they had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, and personal protective equipment – that have been moved in or produced for commerce.

27. At all relevant times, New Season has had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

28. At all relevant times, Flynn and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

29. New Season uniformly deducted 30 minutes/shift from Flynn and the Putative Class Members' wages for meal periods, even when these employees did not actually receive *bono fide*, non-interrupted meal breaks.

30. As a result, New Season failed to pay Flynn and the Putative Class Members for this compensable work, including overtime, in violation of the FLSA.

31. New Season's automatic meal break deduction policy, which deprives Flynn and the Putative Class Members of overtime compensation for the weeks in which these workers work over 40 hours, is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

**FACTUAL ALLEGATIONS**

32. New Season bills itself as "a leading provider of specialized quality care of Opioid Use Disorder (OUD)" that operates "more than 80 addiction treatment centers in 20 states nationwide."[1]

33. To complete its business objectives, New Season employs patient care workers, including Flynn and the Putative Class Members, to provide patient care services and treat the patients in its various facilities across the country, including in New Mexico.

34. New Season classifies these employees and non-exempt from overtime and pays them on an hourly basis.

35. These employees make up the proposed Putative Class.

36. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

37. For example, Flynn has worked for New Season as an LPN at its treatment facility in Albuquerque, New Mexico since September 2021.

---

[1] https://www.newseason.com/about/ (last visited February 9, 2023).

38. As an LPN, Flynn's primary responsibilities include providing direct patient care to the patients at New Season's treatment facility, such as monitoring patients, checking vitals, dressing patients, assisting with hygiene, charting treatments, and assisting doctors and other patient care staff.

39. Throughout her employment, New Season classified Flynn as non-exempt from overtime and paid her on an hourly basis plus overtime.

40. Throughout her employment, New Season subjected Flynn to its common practice of automatically deducting 30 minutes from her recorded hours worked and wages each shift for meal breaks.

41. Flynn and the Putative Class Members performed their jobs under New Season's supervision, and using materials, equipment, and technology approved and supplied by New Season.

42. New Season requires Flynn and the Putative Class Members to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

43. At the end of each pay period, Flynn and the Putative Class Members received wages from New Season that were determined by common systems and methods that New Season selected and controlled.

44. New Season requires its hourly, non-exempt employees, including Flynn and the Putative Class Members, to record their hours worked using New Season's timeclock system.

45. Further, New Season subjects its hourly, non-exempt employees, including Flynn and the Putative Class Members, to a common policy and practice of automatically deducting time from these employees' recorded hours worked for meal periods.

46. Specifically, New Season automatically deducts 30-minutes from Flynn and the Putative Class Members' time records each shift they work for meal periods, regardless of whether these employees actually receive a full, uninterrupted 30-minute meal period.

47. But New Season fails to provide Flynn and the Putative Class Members with *bona fide* meal periods.

48. Instead, New Season requires Flynn and the Putative Class Members to remain on-duty and working throughout their shifts, continuously subjecting them to interruptions, including during their unpaid meal periods.

49. Thus, under New Season's common policies and practices, Flynn and the Putative Class Members are not completely relieved of all duties during meal periods and are denied pay for those on-duty meal periods in violation of the FLSA and NMMWA.

50. Flynn worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

51. Likewise, each Putative Class Member worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

52. Indeed, New Season typically schedules Flynn and the Putative Class Members to work 12-hour shifts for at least 3-4 days a week.

53. As a result, Flynn and the Putative Class Members work in excess of 40 hours in a typical workweek.

54. When Flynn and the Putative Class Members worked more than 40 hours in a workweek, New Season did not pay them 1.5 times their regular hourly rate for all overtime hours worked due to New Season's failure to include time these employees worked during meal periods in their total number of hours worked in a given workweek.

55. This unpaid time is compensable under the FLSA and NMMWA because (1) Flynn and the Putative Class Members were not completely relieved of all their duties, (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, (3) they

entirely skipped the meal period due to work demands, and/or (4) the meal period was less than 30 minutes.

56. New Season knew Flynn and the Putative Class Members worked more than 40 hours in a week.

57. New Season knowingly, willfully, and/or in reckless disregard carried out this illegal automatic deduction policy that deprived Flynn and the Putative Class Members of overtime compensation in violation of the FLSA and NMMWA.

58. New Season and its affiliated entities have been sued before for FLSA and analogous state wage and hour violations. *See Beeler v. Colonial Management Group, L.P., et al.*, No. 5:21-CV-00634 (W.D. Tex.); *Johnson v. New Season, et al.*, No. 3:19-CV-00084 (N.D. Miss.).

59. Nonetheless, New Season failed to pay Flynn and the Putative Class Members overtime for all hours these employees worked in excess of 40 hours in a workweek.

60. New Season's failure to pay overtime compensation to Flynn and the Putative Class Members was neither reasonable, nor was the decision not to pay these employees overtime made in good faith.

## CLASS & COLLECTIVE ALLEGATIONS

61. Flynn brings this case as a class and collective action under the FLSA and Federal Rule of Civil Procedure 23.

62. The Putative Class Members were victimized by New Season's pattern, practice, and/or policy which is in willful violation of the FLSA and NMMWA.

63. Other Putative Class Members worked with Flynn and indicated they were paid in the same manner, performed similar work, and were subject to New Season's same automatic meal break deduction policy.

64. Based on her experiences with New Season, Flynn is aware that New Season's illegal practices were imposed on the Putative Class Members.

65. The Putative Class Members are similarly situated in all relevant respects.

66. Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

67. The Putative Class Members are similarly denied overtime when they work more than 40 hours per week.

68. The overtime owed to Flynn and the Putative Class Members will be calculated using the same records and using the same formula.

69. Flynn's experiences are therefore typical of the experiences of the Putative Class Members.

70. The specific job titles or precise job locations of the various members of the Putative Class do not prevent class or collective treatment.

71. The class is held together by New Season's uniform automatic meal break deduction policy that systematically deprived Flynn and the Putative Class Members of overtime pay for all hours worked in excess of 40 hours in a workweek.

72. Flynn has no interests contrary to, or in conflict with, the Putative Class Members that would prevent class or collective treatment.

73. Like each Putative Class Member, Flynn has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

74. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

75. Absent a class and collective action, many Putative Class Members will not obtain redress of their injuries and New Season will reap the unjust benefits of violating the FLSA and NMMWA.

76. Further, even if some of the Putative Class Members could afford individual litigation against New Season, it would be unduly burdensome to the judicial system.

77. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

78. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

79. Among the common questions of law and fact are:

   a. Whether New Season engaged in a policy and practice of automatic time deductions for meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA and NMMWA;

   b. Whether New Season's automatic meal break deduction policy deprived Flynn and the Putative Class Members of pay for time worked during meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA and NMMWA;

   c. Whether New Season failed to pay Flynn and the Putative Class Members overtime for all hours worked in excess of 40 hours in a workweek, including hours worked during missed and interrupted meal breaks in violation of the FLSA and NMMWA;

       d.       Whether New Season knew, or had reason to know, Flynn and the Putative Class Members were requested, suffered, permitted, or allowed to work during unpaid meal breaks, in violation of the FLSA and NMMWA; and

       e.       Whether New Season's violations of the FLSA and/or NMMWA were willful.

80. Flynn and the Putative Class Members sustained damages arising out of New Season's illegal and uniform employment policy.

81. Flynn knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

82. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to New Season's records, and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective treatment.

83. New Season is liable under the FLSA and NMMWA for failing to pay overtime to Flynn and the Putative Class Members.

84. Consistent with New Season's illegal automatic meal break deduction policy, Flynn and the Putative Class Members were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

85. As part of their regular business practices, New Season intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and NMMWA with respect to Flynn and the Putative Class Members.

86. New Season's illegal automatic meal break deduction policy deprived Flynn and the Putative Class Members of the premium overtime wages they are owed under federal and state law.

87. New Season is aware, or should have been aware, that the FLSA and NMMWA require it to pay Flynn and the Putative Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

88. There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

89. This notice should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

90. Those similarly situated employees are known to New Season, are readily identifiable, and can be located through New Season's records.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE FLSA**
**(FLSA COLLECTIVE)**

91. Flynn realleges and incorporates all preceding allegations.

92. Flynn brings her FLSA claim as a collective action under 29 U.S.C. § 216(b).

93. New Season violated, and is violating, the FLSA by failing to pay Flynn and the FLSA Collective Members overtime for all hours worked in excess of 40 in a single workweek, including hours worked during these employees' unpaid meal periods.

94. Throughout the relevant period, New Season expected and required Flynn and the FLSA Collective Members to remain on-duty and be available to work during their unpaid meal breaks.

95. Flynn and the FLSA Collective Members have been harmed as a direct and proximate result of New Season's unlawful conduct because they have been deprived of wages owed for work that they performed and from which New Season derived a direct and substantial benefit.

96. New Season knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Flynn and the FLSA Collective Members overtime compensation.

97. New Season's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

98. Accordingly, Flynn and the FLSA Collective Members are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular hourly rates of pay, plus an equal amount as liquidated damages, and attorney's fees and costs.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE NMMWA
## (NEW MEXICO CLASS)

99. Flynn realleges and incorporates all preceding allegations.

100. Flynn brings her NMMWA claim as a class action under Fed. R. Civ. P. 23.

101. New Season violated, and is violating, the NMMWA by failing to pay Flynn and the New Mexico Class Members overtime for all hours worked in excess of 40 in a single workweek, including hours worked during these employees' unpaid meal periods.

102. At all relevant times, New Season was subject to the requirements of the NMMWA.

103. At all relevant times, New Season employed Flynn and each New Mexico Class Member within the meaning of the NMMWA.

104. Throughout the relevant period, New Season expected and required Flynn and the New Mexico Class Members to remain on-duty and be available to work during their unpaid meal breaks.

105. Flynn and the New Mexico Class Members have been harmed as a direct and proximate result of New Season's unlawful conduct because they have been deprived of wages owed for work that they performed and from which New Season derived a direct and substantial benefit.

106. New Season's pay policies violate the NMMWA because they deprived Flynn and the New Mexico Class Members of overtime at rates not less than 1.5 times their regular rates of pay for all hours worked in excess of 40 hours in a workweek. *See* NMSA § 50-4-22(D).

107. New Season knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Flynn and the New Mexico Class Members overtime compensation.

108. New Season's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

109. Accordingly, Flynn and the New Mexico Class Members are entitled to recover the difference between the rate New Season actually paid them and their proper overtime rates, treble damages (NMSA § 50-4-26(C)), and attorney's fees and costs (NMSA § 50-4-26(E)).

## JURY DEMAND

110. Flynn demands a trial by jury.

## PRAYER

Flynn prays for the following relief:

    a. An Order designating the FLSA Collective as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all FLSA Collective Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

    b. An Order designating this lawsuit as a class action pursuant to Fed. R. Civ. P. 23 under the NMMWA;

    c. An Order appointing Flynn and her counsel as Class Counsel to represent the interests of the New Mexico Class;

d. An Order pursuant to Section 16(b) of the FLSA finding New Season liable for unpaid back wages due to Flynn and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

e. Judgment awarding Flynn and the Putative Class Members all unpaid overtime and other damages available under the FLSA and NMMWA;

f. An order awarding attorneys' fees, costs, and expenses;

g. Pre- and post-judgment interest at the highest applicable rates; and

h. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
**Michael A. Josephson**
Texas Bar No. 24014780
**Andrew W. Dunlap**
Texas Bar No. 24078444
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFF &
THE PUTATIVE CLASS MEMBERS**